IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUSAN MULLEN,

        Plaintiff,

vs.                                       No. CIV 10-162 RB/LFG

TAOS SKI VALLEY, INC.,
TAOS SKI ACADEMY, INC,
and TAOS SPORTS ASSOCIATES,
INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Susan Mullen's ("Mullen") Objections to Production to Documents Requested and a Motion for Protective Order [Doc. 76]. Defendant Taos Ski Valley, Inc. ("TSV") filed its response on March 15, 2011 [Doc. 78.] Because of upcoming settings and deadlines, the parties requested an expedited ruling from the Court. [*See* Doc. 78, p. 3.]

Briefly stated, Mullen objected to TSV's requests for production of documents to Mullen's expert Stanley Gale ("Gale"), that were listed in a Subpoena served on Mr. Gale in relation to a March 28, 2011 deposition. [Doc. 78, Ex. A.] Mullen's objections and motion assert that Gale should not have to produce information or documents beyond those mandated in the automatic disclosure provisions of Rule 26. After careful consideration of the pertinent law, pleadings, and exhibits, the Court overrules the objections and grants, in part, and denies, in part, the motion for protective order. The Court's reasoning is set forth below.

**Fed. R. Civ. P. 26(c)**

A Court may enter orders designed to protect parties and witnesses during the discovery process. Rule 26(c). In this case, there are technical problems with Mullen's motion. First, the 2007 "restyling" amendments to Rule 26 impose a mandatory duty on a moving party to certify attempts to resolve the dispute. The Rule provides in part:

> The motion [for protective order] *must* include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

Fed. R. Civ. P. 26(c) (emphasis added). Nowhere in the objections or in the motion is it apparent that Mullen complied with this obligation.

This is not just a suggestion of good practice. It is a mandatory obligation on the part of a moving party. Parties are expected to attempt to resolve all matters in dispute before seeking court intervention. Moreover, this is consistent with the cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. § 471, *et seq.* Indeed, a pre-filing conference could well have obviated the need for the motion in the first place. [*See* Doc. 78, Response, at ¶ 2 (noting that had Mullen conferred with opposing counsel before filing the motion, at least part of the dispute would have been resolved).]

Secondly, both the objections and the motion are being prosecuted by the wrong person. The commentary in Baicker-McKee, Janssen, Corr's Federal Civil Rules Handbook (2011 ed.) provides discussion of who may file a motion for protective order under Rule 26(c).

> A motion may be made by a party or by a witness from whom discovery is sought. [*citing* Silkwood v. Kerr-McGee Corp., 563 F.2d 433 (10th Cir. 1977)] The motion *must* be brought by the individual whose interests are affected. Thus, a party may not move for a protective order to protect the interests of another, but may move to

2

>> protect the party's own interests when discovery is sought from another.

Id. at 774 (emphasis added).

In this case, TSV did not request Mullen's own records or tax returns, but rather those records and tax returns of her expert for purposes of the expert's deposition. Yet, Mullen, not the expert, moved to protect the production of these records based on the expert's alleged privacy concerns. This is improper. It is the expert who was obligated to file his own motion for protective order.

For the foregoing deficiencies, the Court could simply deny the motion for non-compliance with the requirements of Rule 26(c) in that the mandatory certification is missing and the motion is brought by the improper person. However, the Court declines to do so. While the Court enforces rules, it also has a corresponding obligation to attempt to reduce the costs of litigation and to expedite the ultimate disposition of a case. If the Court were to deny the objections and motion for the technical defects, Mullen would surely file a notice of non-appearance and Mullen's expert would file the motion for protective order. All this would accomplish is delay.

The Court will proceed to rule on the motion, notwithstanding its deficiencies, so as to expedite the disposition of the dispute and reduce costs. The Court has broad discretion in determining whether good cause is present to proceed to a ruling on the motion and finds good cause to act immediately on Mullen's motion and objections.

### **Analysis**

The thrust of Mullen's objections are that her expert Gale complied with the automatic disclosure requirements relating to experts. She argues that TSV is, therefore, precluded from requesting more information than the minimum required by the automatic disclosures.

The Court disagrees. The automatic disclosure provisions under Rule 26 were adopted in 1993 and later modified in 2000. The disclosures are premised on the assumption that each side needs basic information in a case to assist in understanding the opponent's claims or defenses, evaluating the case for settlement, or preparing to meet the proofs at trial.

Rule 26 provides for three levels of disclosure: (1) initial disclosures; (2) disclosure of expert testimony; and (3) various pretrial disclosures. Fed. R. Civ. P. 26(a). The dispute in the present motion concerns only the expert disclosures. The rule provides that if a witness is retained or specially employed to provide expert testimony, an expert report must be provided. The report must contain:

> (i) a complete statement of all opinions that the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and deposition in the case.

Fed. R. Civ. P. (a)(2)(B). These disclosures are automatic and must be provided within the time stipulated by the parties or directed by the Court.

These automatic disclosures are minimum disclosures. Nothing in the rule or advisory committee notes to Rule 26 states that parties are precluded from asking for information beyond the mandatory minimums. Rather, all discovery is subject to the Court's obligation to balance one

party's need for information against the opposing party's or witness's right to be free from oppressive or burdensome discovery.

In determining what information must be produced, the Court finds persuasive the discussion of "proportionality" by the Sedona Conference Working Group Abstract on Guidance for the Judiciary.  That report highlights the key consideration in determining the appropriate balance to strike between one party's request for information and the opposing party's objection to production.

There is nearly universal agreement that the cost of litigation in state and federal courts has become so expensive that litigants are being priced out of the process, and that the chief culprit is the failure of courts and lawyers to control the costs of discovery.  American College of Trial Lawyers and Institute for the Advancement of the American Legal System, Final Report on the Joint Project of the American College of Trial Lawyers Task Force on Discovery and the Institute for Advancement of the American Legal System, p. 2 (March 11, 2009).

> The problem is not new, but is decades-old. Mancia v. Mayflower Textile Servs., 253 F.R.D. 354, 360 (D. Md. 2008) (noting legislative history of the Civil Justice Reform Act of 1990 included reports of studies done in 1980 which found that discovery abuse was widespread).
>
> The irony is that the solution to this problem is, and has been for years, right at our fingertips, and is found in the cost-benefit proportionality factors of Fed. R. Civ. P. §§ 26(b)(2)(C) and 26(g)(1)(B)(iii).

Rule 26(b)(2)(C) provides that on motion or on its own, the Court shall limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines:

> (i) The discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

> (ii) the party seeking discovery has had ample opportunity to obtain information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the action, and the importance of the discovery in resolving the issues.

The intent of the Rule is simple. The Court must balance one party's right to obtain discovery with the burdens imposed on the other party, and in striking this balance, must look at a number of factors. For example, the court must consider the requester's need for the information, the relevance of the requested information to the litigation, the burden of producing the sought-after material, and the harm or difficulty which would be caused to a party seeking to protect the information. A court may deny the request altogether, limit the conditions, time, place or topics of discovery, or limit the manner in which the material will be disclosed. Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir.), *cert. denied*, 531 U.S. 926 (2000); *see also* Burka v. U.S. Dep't of HHS, 87 F.3d 508, 517 (D.C. Cir. 1996).

In conducting this appropriate balance, the Court grants in part and overrules in part Mullen's motion for protective order. The Court further observes that TSV's response clarifies that certain objections are resolved without the need for Court intervention.

First, Mullen objects to TSV's request for 10 years of information concerning prior cases in which the expert testified. The mandatory disclosure rule calls for the automatic production of 4 years of this information. In its response, TSV agreed to limiting the request to a period of 4 years. Thus, no dispute remains as to this request.

Secondly, TSV requests production of all transcripts of depositions in which Gale testified for or against a ski area during the last 10 years. In its response, TSV stated that it was amenable to limiting this request to 4 years. [Doc. 78, ¶ 2.] TSV further agreed that if Gale did not retain copies of any deposition testimony, he need not produce that which he does not have. Thus, no dispute remains as to this request.

Next, Mullen objects to the request for production of income tax returns evidencing all income Gale earned as an expert and the percentage of such income to his total income for each of the last 5 years. TSV does not agree with this objection.

The interest, bias, and prejudice of a witness is relevant in every case. *See, e.g.,* Davis v. Alaska, 415 U.S. 308, 316 (1974) ("partiality of a witness is subject to exploration at trial, and is 'always relevant as discrediting the witness and affecting the weight of his testimony"); United States v. Abel, 469 U.S. 45, 52 (1984) ("Proof of bias of a witness is almost always relevant . . . ."); United States v. Foghorn, 2005 WL 2312451, at *1 (D.N.M. Jul. 25, 2005) (rule of evidence allowing party to question witness as to possible bias particularly important with respect to a hired expert who has no relation to the case other than having been hired to testify by one party) (unpublished). Thus, the amount of compensation to a witness in a particular case is certainly relevant. Moreover, it is common for a plaintiff or defendant to ask the opponent's expert about the number of times the expert testifies for a plaintiff as opposed to a defendant, or how much money the expert earns from his or her testifying activities. This information is surely relevant in assessing the witness's interest, bias, or prejudice.

Thus, this expert cannot refuse to disclose certain information on grounds that the request violates privacy interests. The Court finds persuasive the authorities relied on by TVS and notes that the courts that ordered production of this information generally limited production by affidavit or

7

statement as to the issue of percentage of income.  *See, e.g.,* Safeco Inc. Co. v. Vecsey, 259 F.R.D. 23, 33 ( D. Conn. 2009) (ordering production of information via affidavit); Chauppette v. Northland Ins. Co., 2009 WL 4060452, at *2 (E.D. La. Nov. 19, 2009) (requiring production of financial information but relying on cases stating that request for expert tax returns was "overkill") (unpublished); Burger v. Allstate, 2009 WL 1587396, at *3 (E.D. Mich. Jun. 8, 2009) (requiring "statement" showing percentage of income received from same sources) (unpublished).  In striking the appropriate balance between TSV's right to information and the witness's right to privacy, the Court requires Gale to provide an affidavit, under oath or affirmation under penalty of perjury, and to testify at his deposition if so asked, regarding the percentage of his total income that he earned from testifying activities as opposed to other income-producing conduct during each of the preceding 5 years.  The Court will not require that he produce his income tax returns.

    IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge